UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**JEFFREY M. HEALEY,**              )
         Petitioner,                )
                                    )
    v.                              )    Civil Action No. 13-11626-DJC
                                    )
**COMMONWEALTH OF**                 )
**MASSACHUSETTS, et al.,**          )
         Respondents.               )
_____ )

## MEMORANDUM AND ORDER

**CASPER, J.**                                                November 20, 2013

For the reasons stated below, the Court denies without prejudice petitioner's motions (1) to proceed in forma pauperis, (2) to appoint counsel and (3) to allow service by certified mail. If Petitioner wishes to proceed with this action, he shall file either (1) an amended habeas petition in accordance with the United States Code; or (2) a civil complaint and a renewed motion for leave to proceed in forma pauperis with a certified copy of his inmate account statement.

### BACKGROUND

Petitioner Jeffrey M. Healey, a civilly committed patient confined to the Nemansket Correctional Center (the "Treatment Center") as a sexually dangerous person ("SDP"), filed his self-prepared "Petition for Writ of Habeas Corpus" seeking immediate release as well as monetary damages for the alleged violation of his constitutional and statutory rights under Mass. Gen. Laws ch. 123A ("Chapter 123A"). Petition ("Pet."), D. 1. Petitioner paid the $5 filing fee for filing a habeas petition. See Docket. He also filed an Application to Proceed Without Prepayment of Fees with his inmate account statement, a motion for appointment of counsel, and a motion for service by certified mail. Id.

Healey alleges that he was committed to the Treatment Center as an SDP on February 24, 1966. Pet., p.3. At that time, the Treatment Center was under the direction of the Department of Mental Health. Id. Healey complains that (1) his due process rights have been denied since the Treatment Center was transferred from the Department of Mental Health to the Department of Correction, (2) he is denied yearly hearing reviews on the question of whether he remains a sexually dangerous person pursuant to M.G. L. 123A, § 9, and (3) his conditions of confinement are more punitive and more restrictive than necessary. Id.

The petition names the following four respondents: (1) Commonwealth of Massachusetts; (2) Luis S. Spencer, Commissioner of Correction; (3) Michael Corsini, Superintendent of the Nemansket Treatment Center; and (4) Mary Murray, Department of Correction Attorney. Pet., p. 2. Jurisdiction is alleged pursuant to Massachusetts General Laws Chapter 123A, the Declaration of Rights under the Massachusetts Constitution, the Civil Rights Act 42 U.S.C. § 1983, and the Due Process and Equal Protection provisions of the U.S. Constitution. Id. at p. 1. In addition to release from the Treatment Center, Healey seeks declaratory and monetary relief. Id. at p. 10.

## DISCUSSION

Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that pro se litigants are entitled to liberal construction of their pleadings), the Court is unable to treat Healey's pleading as both a habeas petition and civil rights complaint.

Relief by way of a writ of habeas corpus extends to a person in custody if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state prisoner's federal remedy for challenging the constitutional validity of his custody is a petition for writ of habeas corpus under § 2254 or § 2241, either of which can be

sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490–91 (1973) (exhaustion also required under 28 U.S.C. § 2241).

As a general matter, a party may challenge the fact or duration of his custody only through a habeas petition and may not combine a request for release with claims for damages based on the conditions of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484-499 (1973) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement."). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court reiterated that release from custody is not a remedy available under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481.

Here, Healey does not indicate whether his habeas petition is brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. If Healey wishes to pursue habeas relief, he will be granted additional time to file an Amended Petition for Writ of Habeas Corpus.

Healey's claims for monetary damages cannot be sought in a federal habeas corpus proceeding, but monetary damages can be sought in a civil complaint.[1] In order to commence a civil

---

[1] 42 U.S.C. § 1983 provides that:
   Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

rights action seeking monetary damages, a plaintiff must file a complaint. See Fed. R. Civ. P. 3. The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id. If Healey wishes to file civil rights complaint, he will be granted additional time to file such complaint accompanied by a new Application to Proceed Without Prepayment of Fees as well as a certified copy of his inmate account statement.

**ORDER**

Accordingly, it is hereby ORDERED that:

1) If Healey wishes to proceed with this action, he must, within 42 days of the date of this Order, either file (1) an Amended Habeas Petition or (2) a Complaint accompanied by a renewed Application to Proceed Without Prepayment of Fees as well as a certified copy of his inmate account statement.

2) The motion (D. 2) for leave to proceed in forma pauperis is denied without prejudice;

3) The motion (D. 3) to appoint counsel is denied without prejudice;

4) The motion (D. 4) for service by certified mail is denied without prejudice;

5) Failure to comply with this Order will subject this action to dismissal without prejudice.

**SO ORDERED.**

    /s/ Denise J. Casper  
Denise J. Casper  
United States District Judge

---

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....